**No. 23-2266**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

**Louie Sanft,**
***Appellant,***

**v.**

**United States of America,**
***Appellee.***

---

*On Appeal from the United States District Court*
*for the Western District of Washington,*
*No. 2:19-cr-00258*
*Honorable Richard A. Jones*

---

## FURTHER EXCERPTS OF RECORD
## Volume I of I

Angelo J. Calfo
Henry C. Phillips
MORGAN LEWIS & BOCKIUS LLP
1201 Second Ave, Suite 2800
Seattle, Washington 98101
(206) 274-6400
angelo.calfo@morganlewis.com

Donald B. Verrilli, Jr.
Elaine J. Goldenberg
Kathleen Foley
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW
 Suite 500E
Washington, DC 20001
Telephone: (202) 220-1100
Donald.Verrilli@mto.com

*Counsel for Appellant*

| Volume I of I | | | |
|---|---|---|---|
| **Document** | **File Date** | **Docket Number** | **Page Number** |
| Government's Proposed Jury Instructions | 11/16/2021 | 118 | FER-003 |

The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LOUIE SANFT, and<br>SEATTLE BARREL COOPERAGE<br>COMPANY,<br>Defendants. | NO. CR19-258RAJ<br><br>**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED)** |

## <u>GOVERNMENT'S PROPOSED JURY INSTRUCTIONS</u>
### (Cited)

DATED: November 16, 2021

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney


*/s/ Seth Wilkinson*
SETH WILKINSON
JAMES OESTERLE
Assistant United States Attorneys

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 1
*United States v. Sanft et al.,* CR19-258RAJ

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| Instruction No. | Description | 9th Circuit Model No. |
|---|---|---|
| 1 | Cautionary Instructions—First Recess | 2.1 |
| 2 | Stipulations of Fact | 2.3 |
| 3 | Transcript of Recording in English | 2.6 |
| 4 | Evidence for Limited Purpose | 2.12 |
| 1 | Duties of Jury to Find Facts and Follow Law | 3.1 |
| 2 | Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof | 3.2 |
| 3 | Defendant's Decision Not to Testify or Defendant's Decision to Testify | 3.3 3.4 |
| 4 | Reasonable Doubt—Defined | 3.5 |
| 5 | What Is Evidence | 3.6 |
| 6 | What Is Not Evidence | 3.7 |
| 7 | Direct and Circumstantial Evidence | 3.8 |
| 8 | Credibility of Witnesses | 3.9 |
| 9 | Activities Not Charged | 3.10 |
| 10 | Separate Consideration of Multiple Counts—Multiple Defendants | 3.13 |
| 11 | On or About – Defined | 3.18 |
| 12 | Charts and Summaries Not Admitted into Evidence | 4.16 |
| 13 | Charts and Summaries Admitted into Evidence | 4.17 |
| 14 | Elements of Conspiracy | 8.20 |
| 15 | Elements of Concealing Material Information | 8.73 |
| 16 | Conspiracy – Knowledge of and Association with Other Conspirators | 8.23 |
| 17 | Conspiracy – Liability For Substantive Offense Committed By Co-Conspirator (Pinkerton Charge) | 8.25 |
| 18 | Violation of the Clean Water Act – Unlawful Discharge | |
| 19 | Judicial Notice – King County Pretreatment Program approved by Environmental Protection Agency | 2.4 |
| 20 | Elements of Violating the Clean Water Act – Unlawful Discharge | |
| 21 | Definitions of Clean Water Act | |
| 22 | Definition of Knowingly | 5.7 |
| 23 | Definition of Deliberate Ignorance | 5.8 |
| 24 | Definition of Aiding and Abetting | 5.1 |
| 25 | Responsible Corporate Officer Liability | |

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 2
*United States v. Sanft et al.,* CR19-258RAJ

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| Instruction No. | Description | 9th Circuit Model No. |
|---|---|---|
| 26 | Environmental Harm Not An Element of Crime | |
| 27 | Clean Water Act – False Statements | |
| 28 | False Statement to Government Agency | 8.73 |
| 29 | Defendant – Corporation | 3.16 |
| 30 | Defendant – Corporation Responsibility | |
| 31 | Juror Notes | 7.3 |
| 32 | Punishment | 7.4 |
| 33 | Verdict Form | 7.5 |
| 34 | Communication with the Court | 7.6 |

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 3
*United States v. Sanft et al.*, CR19-258RAJ

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## <u>INSTRUCTIONS IN THE COURSE OF THE TRIAL</u>

REQUESTED COURSE-OF-TRIAL INSTRUCTION NO. 1

INSTRUCTION NO. _____

**<u>At the End of Each Day of the Case</u>**:

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom.  This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case.  This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers.  You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

**<u>At the Beginning of Each Day of the Case</u>**:

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here.  So, you must not learn any additional information about the case from sources outside the courtroom.  To ensure fairness to all parties in this trial, I will now ask you whether any of you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

If you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.

Ninth Circuit Model Jury Instruction – 2.1 (2010 Edition – Approved 12/2020).

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 4
*United States v. Sanft et al.,* CR19-258RAJ

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

REQUESTED COURSE-OF-TRIAL INSTRUCTION NO. 2

INSTRUCTION NO. _____

The parties have agreed to certain facts that have been stated to you.  Those facts are now conclusively established.

Ninth Circuit Model Jury Instruction – 2.3 (2010 Edition – Approved 12/2017).

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 5
*United States v. Sanft et al.,* CR19-258RAJ

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

REQUESTED COURSE-OF-TRIAL INSTRUCTION NO. 3

INSTRUCTION NO. ____

You are about to hear a recording that has been received in evidence. The recording is accompanied by a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recording is the evidence, not the transcript. If you hear something different from what appears in the transcript, what you hear is controlling.

Modified from Ninth Circuit Model Jury Instruction – 2.6 (2010 Edition – Approved 9/2017).

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 6
*United States v. Sanft et al.,* CR19-258RAJ

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 | REQUESTED COURSE-OF-TRIAL INSTRUCTION NO. 4
2 | INSTRUCTION NO. _____
3 |
4 |     You are about to hear evidence that [describe evidence to be received for limited
5 | purpose]. I instruct you that this evidence has been admitted only for the limited purpose
6 | of [describe purpose]. You must consider it only for that limited purpose and not for any
7 | other purpose.

28 | Ninth Circuit Model Jury Instruction – 2.12 (2010 Edition – Approved 3/2018).

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 7
*United States v. Sanft et al.,* CR19-258RAJ

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INSTRUCTIONS AT END OF CASE

REQUESTED FINAL INSTRUCTION NO. 1

INSTRUCTION NO. ____

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

Ninth Circuit Model Jury Instruction – 3.1 (2010 Edition – Approved 5/2020).

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 8
*United States v. Sanft et al.,* CR19-258RAJ

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

FER-010

REQUESTED FINAL INSTRUCTION NO. 2

INSTRUCTION NO. ____

The indictment is not evidence.  The defendants have pleaded not guilty to the charges.  The defendants are presumed to be innocent unless and until the government proves the defendants are guilty beyond a reasonable doubt.  In addition, the defendants do not have to testify or present any evidence.  The defendants do not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

Ninth Circuit Model Jury Instruction – 3.2 (2010 Edition – Approved 12/2017).

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 9
*United States v. Sanft et al.,* CR19-258RAJ

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

REQUESTED FINAL INSTRUCTION NO. 3

INSTRUCTION NO. _____

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

Ninth Circuit Model Jury Instruction – 3.3 (2010 Edition – Approved 12/2017).

**OR**

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

Ninth Circuit Model Jury Instruction – 3.4 (2010 Edition).

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 10
*United States v. Sanft et al.,* CR19-258RAJ

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

REQUESTED FINAL INSTRUCTION NO. 4

2

INSTRUCTION NO. _____

3

4      Proof beyond a reasonable doubt is proof that leaves you firmly convinced the

5   defendant is guilty.  It is not required that the government prove guilt beyond all possible

6   doubt.

7      A reasonable doubt is a doubt based upon reason and common sense and is not

8   based purely on speculation.  It may arise from a careful and impartial consideration of

9   all the evidence, or from lack of evidence.

10      If after a careful and impartial consideration of all the evidence, you are not

11   convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find

12   the defendant not guilty.  On the other hand, if after a careful and impartial consideration

13   of all the evidence, you are convinced beyond a reasonable doubt that the defendant is

14   guilty, it is your duty to find the defendant guilty.

15

16

17

18

19

20

21

22

23

24

25

26

27

28   Ninth Circuit Model Jury Instruction – 3.5 (2010 Edition – Approved 1/2019).

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 11
*United States v. Sanft et al.,* CR19-258RAJ

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

REQUESTED FINAL INSTRUCTION NO. 5

INSTRUCTION NO. _____

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

Ninth Circuit Model Jury Instruction – 3.6 (2010 Edition – Approved 12/2017).

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 12
*United States v. Sanft et al.,* CR19-258RAJ

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

REQUESTED FINAL INSTRUCTION NO. 6

INSTRUCTION NO. ____

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

     1.     Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

     2.     Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

     3.     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

Ninth Circuit Model Jury Instruction – 3.7 (2010 Edition – Approved 3/2018).

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 13
*United States v. Sanft et al.,* CR19-258RAJ

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REQUESTED FINAL INSTRUCTION NO. 7

INSTRUCTION NO. ____

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Jury Instruction – 3.8 (2010 Edition – Approved 12/2017).

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 14
*United States v. Sanft et al.,* CR19-258RAJ

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

REQUESTED FINAL INSTRUCTION NO. 8

INSTRUCTION NO. ____

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 15
*United States v. Sanft et al.,* CR19-258RAJ

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

FER-017

1       The weight of the evidence as to a fact does not necessarily depend on the number

2   of witnesses who testify.  What is important is how believable the witnesses were, and

3   how much weight you think their testimony deserves.

28  Ninth Circuit Model Jury Instruction – 3.9 (2010 Edition – Approved 12/2017).

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 16
*United States v. Sanft et al.,* CR19-258RAJ

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

FER-018

REQUESTED FINAL INSTRUCTION NO. 9

INSTRUCTION NO. _____

You are here only to determine whether the defendants are guilty or not guilty of the charges in the indictment.  The defendants are not on trial for any conduct or offense not charged in the indictment.

Ninth Circuit Model Jury Instruction – 3.10 (2010 Edition – Approved 12/2017).

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 17
*United States v. Sanft et al.,* CR19-258RAJ

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REQUESTED FINAL INSTRUCTION NO. 10

INSTRUCTION NO. _____

A separate crime is charged against one or more defendants in each count.  The charges have been joined for trial.  You must decide the case of each defendant on each crime charged against the defendant separately.  Your verdict on any count as to any defendant should not control your verdict on any other count as to any other defendant.  All the instructions apply to each defendant and to each count.

Ninth Circuit Model Jury Instruction – 3.13 (2010 Edition – Approved 12/2017).

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 18
*United States v. Sanft et al.,* CR19-258RAJ

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

REQUESTED FINAL INSTRUCTION NO. 11

INSTRUCTION NO. _____

The indictment charges that the offenses charged in the indictment were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

Ninth Circuit Model Jury Instruction – 3.18 (2010 Edition – Approved 6/2015).

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 19
*United States v. Sanft et al.,* CR19-258RAJ

1                  REQUESTED FINAL INSTRUCTION NO. 12

2                       INSTRUCTION NO. ____

3

4       During the trial, certain charts and summaries were shown to you in order to help

5 explain the evidence in the case.  These charts and summaries were not admitted into

6 evidence and will not go into the jury room with you.  They are not themselves evidence

7 or proof of any facts.  If they do not correctly reflect the facts or figures shown by the

8 evidence in the case, you should disregard these charts and summaries and determine the

9 facts from the underlying evidence.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 Ninth Circuit Model Jury Instruction – 4.16 (2010 Edition – Approved 3/2018).

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 20
*United States v. Sanft et al.,* CR19-258RAJ

1          REQUESTED FINAL INSTRUCTION NO. 13

2                    INSTRUCTION NO. ____

3

4          Certain charts and summaries have been admitted into evidence.  Charts and

5  summaries are only as good as the underlying supporting material.  You should,

6  therefore, give them only such weight as you think the underlying material deserves.

28  Ninth Circuit Model Jury Instruction – 4.17 (2010 Edition – Approved 3/2018).

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 21
*United States v. Sanft et al.,* CR19-258RAJ

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

REQUESTED FINAL INSTRUCTION NO. 14

INSTRUCTION NO. _____

**CONSPIRACY—ELEMENTS**

The defendants, LOUIE SANFT and SEATTLE BARREL AND COOPERAGE COMPANY, are charged in Count 1 of the indictment with conspiring to:

1. Discharge, or cause to be discharged, pollutants to a publicly-owned treatment works in violation of the Clean Water Act;

2. Make false statements in documents required to be filed under the Clean Water Act;

3. Conceal material information from a government agency; and

4. Defraud, that is to deceive or cheat, the United States by obstructing the lawful functions of the United States Environmental Protection Agency by deceitful or dishonest means.

For a defendant to be found guilty of conspiracy, the government must prove each of the following elements beyond a reasonable doubt:

*First*, between on or about August 1, 2009, and on or about September 24, 2019, there was an agreement between two or more persons to commit at least one of the offenses (known as "objects") listed above;

*Second*, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

*Third*, one of the members of the conspiracy performed at least one overt act on or after December 17, 2014 for the purpose of carrying out the conspiracy.

A conspiracy is a kind of criminal partnership–an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough,

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 22
*United States v. Sanft et al.,* CR19-258RAJ

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

FER-024

1  however, that they simply met, discussed matters of common interest, acted in similar

2  ways, or perhaps helped one another.  You must find that there was a plan to commit at

3  least one of the crimes alleged in the indictment as an object of the conspiracy with all of

4  you agreeing as to the particular crime which the conspirators agreed to commit.

5      One becomes a member of a conspiracy by willfully participating in the unlawful

6  plan with the intent to advance or further some object or purpose of the conspiracy, even

7  though the person does not have full knowledge of all the details of the conspiracy.

8  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the

9  originators.  On the other hand, one who has no knowledge of a conspiracy, but happens

10 to act in a way which furthers some object or purpose of the conspiracy, does not thereby

11 become a conspirator.  Similarly, a person does not become a conspirator merely by

12 associating with one or more persons who are conspirators, nor merely by knowing that a

13 conspiracy exists.

14     An overt act does not itself have to be unlawful.  A lawful act may be an element

15 of a conspiracy if it was done for the purpose of carrying out the conspiracy.  The

16 government is not required to prove that the defendant personally did one of the overt

17 acts.

27 9th Cir. Manual of Model Jury Instructions, Criminal § 8.20 (2010 Edition) (modified)
28 (approved 1/2019); § 8.21 (2010 Edition – Approved 9/2020)

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 23
*United States v. Sanft et al.,* CR19-258RAJ

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

REQUESTED FINAL INSTRUCTION NO. 15

INSTRUCTION NO. ____

The crime of Concealing Material Information from the United States, which is one of the objects of the conspiracy charged in Count 1, has the following elements:

*First*, the defendant falsified, concealed, or covered up by any trick, scheme, or device, one or both of the following facts:  (1) that Seattle Barrel was discharging pollutants to the sewer; or (2) the existence of a hidden drain leading to the sewer, with all of you agreeing on at least one of the two identified facts that was concealed;

*Second*, the fact concealed concerned a matter within the jurisdiction of the United States Environmental Protection Agency.  You may find that this element has been satisfied if you find that the Environmental Protection Agency's jurisdiction includes regulating the discharge of pollutants into the sewer;

*Third,* the defendant acted willfully; that is, the defendant acted deliberately and with knowledge that his conduct was unlawful; and

*Fourth*, the fact concealed was material to the activities or decisions of the Environmental Protection Agency; that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions, or activities.  The fact need not have actually influenced the agency, and the agency need not have relied on the information for it to be material.

The defendant must have known that his conduct was unlawful but need not have known that the matter was within the jurisdiction of the government agency.

Ninth Circuit Model Criminal Jury Instruction 8.73 (modified for 18 U.S.C. § 1001(a)(1)) (approved 9/2021); Eighth Circuit Model Criminal Jury Instruction 6.18.1001A

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 24
*United States v. Sanft et al.,* CR19-258RAJ

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

FER-026

REQUESTED FINAL INSTRUCTION NO. 16

INSTRUCTION NO. ____

**CONSPIRACY – KNOWLEDGE OF AND ASSOCIATION WITH OTHER CONSPIRATORS**

A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt:

First, that the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

Second, that the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

Third, that the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

9th Cir. Manual of Model Jury Instructions, Criminal § 8.23 (2010 Edition – Approved 4/2019).

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 25
*United States v. Sanft et al.,* CR19-258RAJ

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

FER-027

REQUESTED FINAL INSTRUCTION NO. 17

INSTRUCTION NO. ___

**CONSPIRACY – LIABILITY FOR SUBSTANTIVE OFFENSE COMMITTED BY CO-CONSPIRATOR (PINKERTON CHARGE)**

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find a defendant guilty of the violations as charged in Counts 2 through 36 of the indictment if the government has proved each of the following elements beyond a reasonable doubt:

First, a person committed the crime alleged in that count;

Second, the person was a member of the conspiracy charged in Count 1 of the indictment;

Third, the person committed the crime in furtherance of the conspiracy;

Fourth, the defendant was a member of the same conspiracy at the time the offense was committed; and

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

9th Cir. Manual of Model Jury Instructions, Criminal § 8.25 (2010 Edition) (modified) (approved 3/2021).

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 26
*United States v. Sanft et al.,* CR19-258RAJ

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

FER-028

1           REQUESTED FINAL INSTRUCTION NO. 18

2                 INSTRUCTION NO. ____

3

4   **VIOLATION OF THE CLEAN WATER ACT – UNLAWFUL DISCHARGE**

5       The Clean Water Act is a federal law.  The United States Environmental

6   Protection Agency (EPA) has authority to administer the Clean Water Act.  The EPA can

7   authorize states to administer the Clean Water Act, and states can authorize public

8   entities within the state to administer the Clean Water Act.  Under the Clean Water Act,

9   local sewer authorities, known as publicly-owned treatment works (POTWs), enact

10   pretreatment programs that regulate industrial dischargers.  If a pretreatment program has

11   been approved by the EPA or an authorized state, then it is a federal crime under the

12   Clean Water Act to knowingly violate any requirement imposed in that pretreatment

13   program.

27   33 U.S.C. §§ 1319(c)(2)(A), 1342(a)(3), and 1342(b)(8).

28   Given in *United States v. Dooley*, CR11-252MJP (W.D. Wash.) (modified).

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

REQUESTED FINAL INSTRUCTION NO. 19

INSTRUCTION NO. _____

**JUDICIAL NOTICE**

I have decided to accept as proved the fact that King County operates a pretreatment program approved by the U.S. Environmental Protection Agency under the Clean Water Act, even though no evidence was presented on this point because this fact can be readily determined from information contained in public records. You may accept this fact as true, but you are not required to do so.

9th Cir. Manual of Model Jury Instructions, Criminal § 2.4 (2010 Edition) (modified) (approved 12/2017)

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 28
*United States v. Sanft et al.,* CR19-258RAJ

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

REQUESTED FINAL INSTRUCTION NO. 20

INSTRUCTION NO. _____

**VIOLATION OF THE CLEAN WATER ACT – UNLAWFUL DISCHARGE**

The defendants, LOUIE SANFT and SEATTLE BARREL AND COOPERAGE COMPANY, are charged in Counts 2 through 30 of the indictment with violating the Clean Water Act on the dates indicated.  For a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*, on or about the dates charged in the indictment, the defendant discharged, or caused to be discharged, a pollutant;

*Second*, the pollutant was discharged into a publicly-owned treatment works ("POTW"), as defined in these Instructions;

*Third*, the discharge violated one or more of the following requirements or prohibitions of an approved pretreatment program in effect at that time (with all of you agreeing as to which particular requirement or prohibition was violated):

1. No industrial wastewater discharged from the Seattle Barrel Company facility located at 4716 Airport Way S. in Seattle, Washington shall exhibit a pH of more than 12.0;

2. Seattle Barrel Company shall not discharge the caustic drum/barrel wash solution to the sanitary sewer system without prior approval from the King County Industrial Waste program; or

3. All approved waste streams shall be routed to a KCIW approved wastewater treatment system and sample site prior to being discharged to the sewer;

*Fourth*, that requirement or prohibition was part of an approved pretreatment program, and

*Fifth*, the defendant acted knowingly.

33 U.S.C. § 1319(c)(2)(A

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 29
*United States v. Sanft et al.,* CR19-258RAJ

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

FER-031

REQUESTED FINAL INSTRUCTION NO. 21

INSTRUCTION NO. _____

**CLEAN WATER ACT DEFINITIONS**

The term "pollutant" includes any industrial waste discharged into water. For purposes of the Clean Water Act, the term "pollutant" includes any wastewater generated by an industry.

The term "publicly-owned treatment works" (POTW) means a sewage treatment plant that is owned by a state or municipality. It includes any sewers, pipes, and other means of conveyance that convey wastewater to a publicly-owned treatment plant.

The term "approved pretreatment program" means a program administered by a POTW that has been approved by the United States Environmental Protection Agency or an authorized state. King County operates an approved pretreatment program.

33 U.S.C. § 1362(6); 33 U.S.C. §§ 1292(2)(A) and 1362(4); 40 C.F.R. 403.3(q); and 40 C.F.R. 403(d).

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 30
*United States v. Sanft et al.,* CR19-258RAJ

REQUESTED FINAL INSTRUCTION NO. 22

INSTRUCTION NO. ____

**KNOWINGLY**

An act is done knowingly if the defendant is aware of the act and does not act or fail to act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

The government is not required to prove the defendant's knowledge of the law; namely, that any discharged material fell within the legal definition of a pollutant; that the sewer fell within the legal definition of a publicly-owned treatment works; or that the discharge was subject to an approved pretreatment requirement or prohibition.

9th Cir. Manual of Model Jury Instructions, Criminal § 5.7 (2010 Edition) (modified) (approved 9/2018).

Given in *United States v. Dooley*, CR11-252MJP (W.D. Wash.) (modified). *See United States v. Weitzenhoff*, 35 F.3d 1275, 1283-86 (9th Cir. 1993), *cert. denied*, 513 U.S. 1128 (1995); *United States v. Tomlinson*, (W.D. Wash., CR98-0084WD), aff'd, 189 F.3d 476 (9th Cir. 1999).

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 31
*United States v. Sanft et al.,* CR19-258RAJ

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

FER-033

1      REQUESTED FINAL INSTRUCTION NO. 23

2          INSTRUCTION NO. ____

3

4                  **DELIBERATE IGNORANCE**

5      You may find that the defendant acted knowingly if you find beyond a reasonable

6  doubt that the defendant:

7          First, was aware of a high probability that industrial waste was being discharged to

8  the sewer; and

9          Second, deliberately avoided learning the truth.

10         You may not find such knowledge, however, if you find that the defendant

11 actually believed that industrial waste was not being discharged, or if you find that the

12 defendant was simply negligent, careless, or foolish.

13

14

15

16

17

18

19

20 9th Cir. Manual of Model Jury Instructions, Criminal § 5.8 (2010 Edition) (modified)
21 (approved 12/2019).

22 Given in *United States v. Dooley*, CR11-252MJP (W.D. Wash.) (modified).

23 *See Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011); *United States v.*
24 *Heredia*, 483 F.3d 913, 920-21, 924 n.16 (9th Cir.) (en banc), *cert. denied*, 552 U.S. 1077
25 (2007) (the government need not prove that the reason for the defendant's deliberate
   avoidance was to obtain a defense against prosecution and overruling prior cases stating
26 that deliberate ignorance instruction should be "rarely" given); *United States v. Yi*, 704
27 F.3d 800, 804-05 (9th Cir. 2013) (approving use of willful blindness instruction in Clean
   Air Act asbestos prosecution).
28

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 32
*United States v. Sanft et al.,* CR19-258RAJ

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

FER-034

REQUESTED FINAL INSTRUCTION NO. 24

INSTRUCTION NO. ____

**AIDING and ABETTING**

A defendant may be found guilty of a crime even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime.  To prove a defendant guilty of a crime, by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed the crime;

Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of the violation;

Third, the defendant acted with the intent to facilitate the violation; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the violation.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime.

9th Cir. Manual of Model Jury Instructions, Criminal § 5.1 (2010 Edition) (modified) (approved 9/2019).

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 33
*United States v. Sanft et al.*, CR19-258RAJ

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

REQUESTED FINAL INSTRUCTION NO. 25

INSTRUCTION NO. ____

**RESPONSIBLE CORPORATE OFFICER**

Defendant LOUIE SANFT may be found guilty of Conspiracy as alleged in Count 1 or violating the Clean Water Act, as alleged in Counts 2 through 30, as a "responsible corporate officer" if the government proves beyond a reasonable doubt that:

First, the defendant had knowledge of the fact that industrial waste was being discharged to the sewer by an employee;

Second, the defendant had the authority and capacity to exercise control over the employee's conduct to prevent the discharge of industrial waste to the sewer; and

Third, that he failed to prevent the discharge of industrial waste to the sewer.

33 U.S.C. § 1319(c)(6); *See also United States v. Park*, 421 U.S. 658, 670-73 (1975); *United States v. Dotterweich*, 320 U.S. 277, 284-85 (1943); *United States v. Iverson*, 162 F.3d 1015, 1022-26 (9th Cir. 1998); *United States v. MacDonald & Watson Oil Co.*, 933 F.2d 35, 53 (1st Cir. 1991); *United States v. Brittain*, 931 F.2d 1413, 1418-19 (10th Cir. 1991).

Given in *United States v. Dooley*, CR11-252MJP (W.D. Wash.) (modified).

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 34
*United States v. Sanft et al.*, CR19-258RAJ

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

REQUESTED FINAL INSTRUCTION NO. 26

INSTRUCTION NO. ____

The government is not required to prove that the discharge of industrial waste caused any damage or harm to establish the criminal offenses charged under the Clean Water Act.

Given in *United States v. Iverson* (W.D. Wa, CR97-5263JET), 162 F.3d 1015 (9th Cir. 1998); *United States v. Linden Beverage Co.* (W.D. Va., Cr. No. 94-122H), *rev'd. on unrelated grounds*, 131 F.3d 137 (4th Cir. 1997); *United States v. Sinskey* (D. S.D., CR 96-40010), *aff'd*, 119 F.3d 712 (8th Cir. 1997); *United States v. Eidson* (M.D. Fla., 92-94-CR-T-15A), *aff'd*, 108 F.3d 1336 (11th Cir. 1997), *cert. denied*, 522 U.S. 899, 1004 (1997) (modified).

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 35
*United States v. Sanft et al.,* CR19-258RAJ

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

FER-037

REQUESTED FINAL INSTRUCTION NO. 27

INSTRUCTION NO. ____

**FALSE STATEMENT**

The defendants, LOUIE SANFT and SEATTLE BARREL AND COOPERAGE COMPANY, are charged in Counts 31-34 of the indictment with knowingly making a false material statement, representation, or certification in a document required to be filed under the Clean Water Act.  In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, on or about the dates charged in the indictment, the defendant knowingly made or caused to be made a false statement, representation, or certification;

Second, the statement, representation, or certification was made or caused to be made in a document required to be filed under the Clean Water Act;

Third, the statement, representation, or certification was material; and

Fourth, at the time the defendant made the statement, representation, or certification the defendant knew it was false.

A statement is "material" if it could have influenced the decisions or activities of the government agency involved.  The statement or representation need not have actually influenced the agency, and the agency need not have relied on the information in fact for it to be material.

You may find that the statement, representation, or certification was made in a document required to be filed under the Clean Water Act if you find that the document at issue was required to be filed by the King County pretreatment program.

33 U.S.C. § 1319(c)(4); *See United States v. Serv. Deli Inc.*, 151 F.3d 938, 941 (9th Cir. 1998) ("The false statement need not have actually influenced the agency, and the agency need not rely on the information in fact for it to be material."); *see also United States v. Gaudin*, 515 U.S. 506, 509 (1995), citing *Kungys v. United States*, 485 U.S. 759, 770 (1988); *United States v. Matsumaru*, 244 F.3d 1092, 1101 (9th Cir. 2001); *United States*

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 36
*United States v. Sanft et al.*, CR19-258RAJ

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

FER-038

*v. Brittain*, 931 F.2d 1413, 1415 (10th Cir. 1991); *United States v. Greber*, 760 F.2d 68, 72-73 (3d Cir. 1985).

Seattle Barrel Company Wastewater Discharge Permit No. 7113-04, Section 4(A) (requiring that self-monitoring reports be submitted to King County and maintained by the permittee for at least three years); King County Code § 28.84.060(J)(1) (requiring written authorization such as a permit prior to any discharge of industrial waste to a POTW).

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 37
*United States v. Sanft et al.,* CR19-258RAJ

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

REQUESTED FINAL INSTRUCTION NO. 28

INSTRUCTION NO. ____

**FALSE STATEMENT TO GOVERNMENT AGENCY**

The defendants, LOUIE SANFT and SEATTLE BARREL AND COOPERAGE COMPANY, are charged in Count 35, and SEATTLE BARREL AND COOPERAGE COMPANY is charged in Count 36 of the indictment, with knowingly and willfully making a false statement in a matter within the jurisdiction of a government agency. For a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant made a false statement;

Second, the statement was made in a matter within the jurisdiction of the United States Environmental Protection Agency;

Third, the defendant acted willfully; that is, the defendant acted deliberately and with knowledge both that the statement was untrue and that his or her conduct was unlawful; and

Fourth, the statement was material to the activities or decisions of the United States Environmental Protection Agency; that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions, or activities. The statement or representation need not have actually influenced the agency, and the agency need not have relied on the information for it to be material.

The defendant must have known the statement or representation was untrue and that his or her conduct was unlawful but need not have known that the matter was within the jurisdiction of the government agency.

//

//

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 38
*United States v. Sanft et al.,* CR19-258RAJ

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    It is not a defense to this charge that the defendant later recanted the false

2    statement and admitted the truth.

21   9th Cir. Manual of Model Jury Instructions, Criminal § 8.73 (2010 Edition) (modified)

22   (approved 9/2021); *See United States v. Serv. Deli Inc.*, 151 F.3d 938, 941 (9th Cir. 1998)

23   ("The false statement need not have actually influenced the agency, and the agency need

24   not rely on the information in fact for it to be material."); *see also United States v.*

     *Gaudin*, 515 U.S. 506, 509 (1995), citing *Kungys v. United States*, 485 U.S. 759, 770

25   (1988); *United States v. Matsumaru*, 244 F.3d 1092, 1101 (9th Cir. 2001); *United States*

26   *v. Sala-Camacho*, 859 F.2d 788, 792 (9th Cir. 1988) (recantation not a defense to Section

27   1001 charge); *United States v. Beaver*, 515 F.3d 730, 742-743 (7th Cir. 2008) (noting that

     section 1001 contains "no recantation clause").

28

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 39
*United States v. Sanft et al.,* CR19-258RAJ

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

REQUESTED FINAL INSTRUCTION NO. 29

INSTRUCTION NO. _____

The fact that one of the defendants is a corporation should not affect your verdict. Under the law a corporation is considered a person and all persons are equal before the law. Corporations are entitled to the same fair and conscientious consideration by you as any other person.

Ninth Circuit Model Jury Instruction - 3.16 (2010 Edition – Approved 12/2017).

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 40
*United States v. Sanft et al.,* CR19-258RAJ

REQUESTED FINAL INSTRUCTION NO. 30

INSTRUCTION NO. _____

A corporation may be responsible for the acts of its agents or employees if the acts are done or made within the scope of their authority and are done or made with the intent, at least in part, to benefit the corporation.  The corporation may be responsible for the acts of its agents or employees even though the conduct is contrary to the corporation's actual instruction or the corporation's stated policies.

*United States v. Hilton Hotels Corp.*, 467 F.2d 1000, 1004 (9th Cir. 1972); *United States v. Beusch*, 596 F.2d 871, 877 (9th Cir. 1979); given in *United States v. Angelakos*, CR16-0072JCC (W.D. Wash 2016), Dkt. No. 172 at 8; *see also United States v. Maniatis*, CR0724 (E.D. Cal. 2007) (Dkt. 105) (Final Instructions), at 10-12 (modified).

REQUESTED FINAL INSTRUCTION NO. 31

INSTRUCTION NO. _____


Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Jury Instruction – 7.3 (2010 Edition).

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 42
*United States v. Sanft et al.,* CR19-258RAJ

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REQUESTED FINAL INSTRUCTION NO. 32

INSTRUCTION NO. _____

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Ninth Circuit Model Jury Instruction – 7.4 (2010 Edition – Approved 9/2019).

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 43
*United States v. Sanft et al.,* CR19-258RAJ

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    REQUESTED FINAL INSTRUCTION NO. 33

2    INSTRUCTION NO. _____

3

4    A verdict form has been prepared for you.  After you have reached unanimous

5    agreement on a verdict, your foreperson should complete the verdict form according to

6    your deliberations, sign, and date it, and advise the clerk that you are ready to return to

7    the courtroom.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    Ninth Circuit Model Jury Instruction – 7.5 (2010 Edition).

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 44
*United States v. Sanft et al.,* CR19-258RAJ

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

REQUESTED FINAL INSTRUCTION NO. 34

INSTRUCTION NO. ____

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Ninth Circuit Model Jury Instruction – 7.6 (2010 Edition).

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED) – 45
*United States v. Sanft et al.,* CR19-258RAJ

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970