**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 28 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-2266 |
| Plaintiffs - Appellees, | D.C. No. 2:19-cr-00258-RAJ-1 |
| v. | |
| LOUIE SANFT, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, Senior District Judge, Presiding

Argued and Submitted May 17, 2024
San Francisco, California

Before: S.R. THOMAS, CALLAHAN, and SANCHEZ, Circuit Judges.

Louis Sanft ("Sanft"), owner of Seattle Barrel and Cooperage Company ("Seattle Barrel"), appeals his jury conviction for conspiracy to violate the Clean Water Act ("CWA"), unlawful discharge of caustic wastewater into a public sewer in violation of the CWA (33 U.S.C. § 1319(c)(2)(A)), making false statements under the Act (33 U.S.C. § 1319(c)(4)), and making false statements to the United

---

\*  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

States (18 U.S.C. § 1001(a)(2)). We have jurisdiction under 28 U.S.C. § 1291, and we affirm. We assume the parties' familiarity with the facts and do not recite them in detail here.

      **1.** Sanft argues the government suppressed evidence from cooperating witness Dennis Leiva-Escoto's ("Leiva") immigration file in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). We review alleged *Brady* violations *de novo*. *United States v. Price*, 566 F.3d 900, 907 (9th Cir. 2009). A *Brady* violation occurs where evidence that is favorable to the accused is suppressed by the State, either willfully or inadvertently, causing prejudice. *United States v. Wilkes*, 662 F.3d 524, 535 (9th Cir. 2011). Suppressed evidence is prejudicial if its admission creates a reasonable probability—or a probability sufficient to undermine confidence in the outcome of the trial—of a different result. *United States v. Sedaghaty*, 728 F.3d 885, 900 (9th Cir. 2013).

      Sanft's argues that suppressed parts of the immigration file would have resulted in additional impeachment evidence that could undermine Leiva's credibility, and that Leiva's testimony was so critical to the entirety of the government's case that any doubt cast on that testimony would have left the jury with no basis to convict Sanft. His arguments are not persuasive. The jury was already aware Leiva was a cooperating witness for the government and that he had received immigration benefits. Moreover, the defense actively challenged Leiva's

credibility and there was a jury instruction specifically stating his testimony should be examined with greater caution. *See cf. Sedaghaty*, 728 F.3d at 900–01 (9th Cir. 2013) (finding failure to disclose impeachment evidence material when it impacted defense's ability to challenge witnesses' credibility). Furthermore, Leiva's testimony was not the sole evidence linking Sanft to the discharge of caustic wastewater. There was (a) evidence that others had told Sanft of Leiva's misconduct, (b) Seattle Barrel's history of discharge violations, and (c) technical and scientific evidence related to the unlawful discharge. Additionally, the jury heard Sanft's statements to the Environmental Protection Agency investigators as well as Sanft's own testimony regarding Seattle Barrel's methods for disposing caustic solution. *See United States v. Bruce*, 984 F.3d 884, 899 (9th Cir. 2021) ("The weight and force of the evidence against [defendant] sets this case apart from others in which we have found *Brady*'s materiality element satisfied.").

In consideration of the entire record, our confidence in the jury verdict is not undermined by the government's failure to disclose parts of Leiva's immigration file. *United States v. Jernigan*, 492 F.3d 1050, 1054 (9th Cir. 2007) (citation omitted) (suppressed evidence is evaluated in the context of the entire record).

2. Sanft asserts that the district court erred in refusing to instruct the jury as to the lesser-included offense of a negligent violation of the Clean Water Act. Failure to include an instruction on a lesser included offense is reviewed in two

steps. *United States v. Hernandez*, 476 F.3d 791, 797 (9th Cir. 2007). We first review *do novo* if the instruction is a lesser included offense of the charged offense. *Id.* Here, a negligent violation of the Clean Water Act under 33 U.S.C. § 1319(c)(1) is a lesser-included offense of a knowing violation under § 1319(c)(2). Second, we review for an abuse of discretion whether the evidence at trial is such that a jury could rationally find the defendant guilty of a lesser offense and acquit him of the greater, thus entitling the defendant to an instruction on the lesser-included offense. *Id.* at 798.

Sanft argues the evidence at trial would have permitted the jury to find Sanft guilty of a negligent discharge given evidence that Sanft was unaware of Leiva's actions disposing of the wastewater. However, because the government did not present evidence that Sanft personally carried out or caused the discharges, Sanft's liability rested either on aiding and abetting Leiva's actions or on a responsible corporate officer theory of liability. Both theories involve liability that flows derivatively from Leiva's conduct, and as such a negligence instruction was not required under either. Under the theory of aiding and abetting liability, a negligence instruction would be inapposite as the discharges were not a result of negligence. *See United States v. Smith*, 832 F.2d 1167, 1169–70 (9th Cir. 1987) (aiding and abetting liability relies on the conduct of the underlying crime). Under a responsible corporate officer theory of liability, a negligence instruction would

also be inapposite because Sanft could not be convicted unless he knew about Leiva's conduct. As we explained in *United States v. Iverson*, the responsible corporate officer doctrine "relieve[s] the government of having to prove" that an officer "personally discharged or caused the discharge" by attributing the actions of the company or its employees to the officer. 162 F.3d 1015, 1026 (9th Cir. 1998). Consistent with *Iverson*, the district court instructed the jury that in order to find Sanft liable as a responsible corporate officer, the government must prove he "had knowledge of the fact that industrial waste water . . . was being discharged to the sewer by an employee," a requirement regardless of whether the actions of the employee were negligent or knowing. *See id.* at 1026 (noting the government must prove that the officer "knew that the discharges were pollutants"). A responsible corporate officer can only be guilty of a negligent CWA violation where he knows of and fails to prevent an illegal discharge that occurred due to employee negligence. Neither party presented evidence that Leiva's conduct was merely negligent, or otherwise disputes that Leiva intentionally discharged the wastewater. Because Leiva's underlying conduct constituted a knowing discharge, a jury could not rationally find Sanft liable for a negligent violation under the CWA and Sanft therefore was not entitled a jury instruction on the lesser-included negligence offense.

  **3.**  Sanft argues the government improperly vouched for Leiva's

credibility in its closing statement. Because Sanft did not object at trial, we review for plain error. *United States v. Alcantara-Castillo*, 788 F.3d 1186, 1190 (9th Cir. 2015). Vouching occurs when "(1) the prosecutor places the prestige of the government behind a witness by expressing his or her personal belief in the veracity of the witness, or (2) the prosecutor indicates that information not presented to the jury supports the witness's testimony." *United States v. Hermanek*, 289 F.3d 1076, 1098 (9th Cir. 2002). However, prosecutors can draw reasonable inferences from the evidence. *Id.* at 1100. We first determine whether vouching occurred and, if so, then determine whether it warrants reversal. *Id.* at 1097.

Sanft argues that the prosecutor's statements in closing that "Leiva gave ten to twelve statements" to the government, that Leiva's testimony "was remarkably consistent over time," and that "Leiva was telling the truth and Mr. Ambrose was lying" constituted improper vouching. However, the prosecutor was directly responding to arguments made by Sanft in closing challenging Leiva's credibility. Additionally, Leiva's statements were discussed during testimony from law enforcement officers and by Leiva himself. The prosecutor was permissibly asking the jury to draw a reasonable inference from that testimony, which is further supported by use of the phrase "I submit" before the statement that Leiva's testimony was consistent. *See United States v. Kojayan*, 8 F.3d 1315, 1320 (9th

6

23-2266

Cir. 1993) (sentence beginning with "I submit" was "well within the realm of proper argument; it invited the jury to infer . . ."); *United States v. Necoechea*, 986 F.2d 1273, 1279 (9th Cir. 1993) (contrasting "I submit" statements, which were argument, to "I think" statements which reflect the prosecutor's personal beliefs.). There was no improper vouching, and accordingly we need not consider harmlessness.

    4.    Sanft's final argument challenges the sufficiency of the evidence in support of his conviction for making false statements to federal agents from the EPA. *See* 18 U.S.C. § 1001(a)(2). The district court denied Sanft's motion under Federal Rule of Criminal Procedure 29 to set aside his guilty verdict. We review *de novo*, "construe the evidence 'in the light most favorable to the prosecution,'" and "only then determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010) (en banc) (citation omitted).

    When speaking with the EPA agents, Sanft stated he disposed of caustic water by boiling it down to a sludge and sending the remaining material to a disposal company. Sanft argues that he never said all caustic water was evaporated, and it was not false to say that some of it was. Although a statement that is undisputably true cannot form the basis for a violation of 18 U.S.C. § 1001, the existence of some ambiguity "is generally not inconsistent with a conviction

for perjury" if the "context of the question and other extrinsic evidence relevant to the defendant's understanding of the question may allow the finder of fact to conclude that the defendant understood the question as the government did and, so understanding, answered falsely." *United States v. Camper*, 384 F.3d 1073, 1076 (9th Cir. 2004). From the context of the questioning here, which addressed how caustic wastewater was disposed of, a rational juror could understand Sanft's statements to the EPA to state the solution was disposed of by evaporating the liquid and sending remaining materials to a disposal service. Because the jury reasonably found that the caustic wastewater was disposed of through the sewer, Sanft's statement was false. We affirm the district court's denial of the Rule 29 motion.

　　　　Sanft's conviction is **AFFIRMED.**